UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURIE SELLARS, et al.,

      Plaintiffs,                            Civil No. 05-1013-HA

      v.

                                        ORDER

SAFEWAY, Inc.,

      Defendant.

_____

HAGGERTY, Chief Judge:

      Defendant Safeway, Inc., (defendant) obtained removal of this case from Multnomah County Circuit Court in June 2005. Plaintiffs, employees and former employees of defendant Safeway who work or worked at Safeway's bread plant in Clackamas, Oregon, filed a Second Amended Complaint in October 2005. Plaintiffs assert state law "wage claims," ostensibly under Oregon Revised Statutes (O.R.S.) 652.

      Defendant brings a Motion for Summary Judgment or for Ruling on Applicable Law [25] on grounds that there is no private right of action for employees under the statutes relied upon by

plaintiffs, and that to the extent that plaintiffs might be relying upon one or more collective

bargaining agreements (CBAs) in asserting contractual rights for compensation, such claims are

preempted by Section 301 of the Labor-Management Relations Act (LMRA).  Oral argument

regarding defendant's motion was heard on September 5, 2006.  Because this court lacks

jurisdiction, defendant's motion is denied.  By separate Order, this case is remanded to

Multnomah County Circuit Court for the State of Oregon.

## BACKGROUND

There are no significant disputes regarding the relevant factual background.  Plaintiffs are

employees and former employees of defendant Safeway who work or worked at Safeway's bread

plant in Clackamas.  Before April 20, 2005, defendant Safeway had written policies in place

requiring bread plant employees to report to work before their shifts began so they could change

from their street clothes into bakery uniforms, wash their hands and don hair nets.  To comply,

employees arrived early at the plant, and expended from five to twenty minutes changing into

uniforms and washing their hands.  They then punched time-cards.  Defendant compensated

them for work-time as calculated from the time-cards.

On April 20, 2005, a group of plaintiffs made a request to the plant manager that they be

compensated for time spent complying with the uniform and hand-washing policies.  Although

defendant changed its policy the next day, allowing employees to report to work in their

uniforms, no compensation has been offered to the employees regarding time spent complying

with the past policies.

There are three groups of plaintiffs bringing this action:

1.      Production employees, represented by "BCTGM Local 114;"

2.      Maintenance employees represented by "Operating Engineers Local 701;" and

3.      Sanitation workers, who plaintiffs' counsel assert are unrepresented by any union, but

who defendant says are working under the "Clackamas Bread Plant Sanitation Employees

Agreement" that is collectively bargained by a committee that qualifies as a labor

organization under the National Labor Relations Act (NLRA).

After a brief attempt at settlement, plaintiffs filed suit in state court.  Shortly thereafter

defendant removed the action to this court on grounds that federal questions existed.  Plaintiffs'

repeated references to "ORS 652" in their filings suggest that their primary claims should be

construed to be for "unpaid wages," the only kind of claim under the identified statute that is

applicable to the facts presented by plaintiffs.

This court has examined plaintiffs' claims and defendant's responses carefully.  Because

no federal questions are presented, this court is compelled to conclude that federal jurisdiction is

lacking.

The only possible basis for federal question jurisdiction would be derived from

defendant's contention that plaintiffs' wage claims must be preempted by federal law, specifically

Section 301 of the LMRA.  Section 301 compels the complete preemption of state law claims

brought to enforce collective bargaining agreements.  *Avco Corp. v. Aero Lodge No. 735, Int'l*

*Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968).  The Supreme Court has

also expanded § 301 preemption to include cases the resolution of which "is substantially

dependent upon analysis of the terms of [a collective bargaining agreement]."  *Allis-Chalmers*

*Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

Section 301 of the LMRA vests jurisdiction in federal courts for certain suits alleging violation of employment contracts:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). "The United States Supreme Court has interpreted section 301 to preempt a party to a CBA from pursuing claims under supplemental contracts when those claims arise directly from rights granted in a CBA or when a party's claims are 'substantially dependent' on interpretation of a CBA." *Smoldt v. Henkels & McCoy, Inc.*, 53 P.3d 443, 446 (Or. 2002) citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

A state law claim is preempted "if it necessarily requires the court to interpret an existing provision of a collective bargaining agreement . . . that 'can reasonably be said to be relevant to the resolution of the dispute.'" *Firestone v. So. Calif. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002) (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001)). "A claim that requires only reference to the collective bargaining agreement, but no interpretation, is not preempted." *Firestone*, 281 F.3d at 802 (citations omitted).

None of the CBAs applicable to any of the plaintiffs addresses compensation for preparation time at defendant's plant. Accordingly, there are no provisions in any of the applicable agreements that a court would be compelled to interpret in resolving plaintiffs' claims. As the Oregon Supreme Court concluded in *Smoldt*, when addressing an employee's statutory

wage claim, preemption may not occur in cases in which an employee is seeking to enforce

rights that arise outside of the terms of applicable CBAs:

> [In this case, the employee] seeks enforcement of rights found in an individual employment contract, rather than rights granted by the CBA. As the Supreme Court has explained, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." *Caterpillar*, 482 U.S. at 396 (citing *Allis-Chalmers*, 471 U.S. at 211 (emphasis in original)).

> Additionally, employee's claim is not "substantially dependent" on interpretation of the CBA. At most, employee's claim requires reference to the CBA . . . . The CBA is relevant evidence in this case, but mere reference to the CBA does not amount to "interpretation." *Livadas v. Bradshaw*, 512 U.S. 107, 124-25 (1994).

*Smoldt*, 53 P.3d at 446.

Despite defendant's assertions to the contrary, a determination regarding whether

plaintiffs should be compensated for time previously spent at the bread plant preparing for work

will not require an interpretation of any of the applicable employment agreements. The

evaluation of possible merits in plaintiffs' claims is in no way dependent upon the meaning of

any term in any of the CBAs or employment agreements entered into by or on behalf of the

plaintiffs. Therefore, defendant's reliance upon § 301 to establish federal question jurisdiction is

insufficient. Accordingly, this court must deny defendant's Motion for Summary Judgment as

moot.

## CONCLUSION

For the reasons provided, defendant's Motion for Summary Judgment or for Ruling on

Applicable Law [25] is denied as moot. This court lacks jurisdiction regarding the matters raised

in this action. By separate Order, this action, *Laurie Sellars, et al., v. Safeway, Inc.*, Civil No.

Page 5    Order

05-1013-HA, shall be remanded to Multnomah County Circuit Court for any further

proceedings. IT IS SO ORDERED.

DATED this __22__ day of September, 2006.


        _____/s/Ancer L.Haggerty_____

              Ancer L. Haggerty
              United States District Judge